IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                 No. CR 10-1793 JB

TOMAS SANCHEZ-SANCHEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed September 1, 2010 (Doc. 18). The Court held a sentencing hearing on September 9, 2010. The primary issues are whether the Court should give Defendant Tomas Sanchez-Sanchez a variance from the Sentencing Guidelines to a sentence of 12 months and 1 day, because he has only one prior conviction from 1990 on his record, he came to the United States of America to provide for his family, and because of his age. The Court grants Sanchez-Sanchez' request for a variance, though not to the extent he requests. The Court sentences Sanchez-Sanchez to a term of 15 months.

    The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Sanchez-Sanchez on August 2, 2010. In the PSR, the USPO calculated Sanchez-Sanchez' offense level to be 21 and his criminal history category to be I, establishing a guideline imprisonment range of 37 to 46 months. There being no objections to the PSR, the Court adopts the USPO's guideline calculations in the addendum to the PSR as its own. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 1-level downward departure, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the plea agreement is pursuant to the United States Attorney for the District

of New Mexico's fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs.  See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1.  An offense level of 20 and a criminal history category of I establishes a guideline imprisonment range of 33 to 41 months.

Sanchez-Sanchez requests a variance from the sentence the Guidelines recommends to a sentence of 12 months and 1 day.  He does not object to the Guideline calculations in the PSR, but argues that he is outside the heartland of illegal reentry after a felony conviction cases, primarily because he has only one prior conviction, a felony conviction for knowingly and intentionally importing marijuana into the United States from Mexico, and his conviction is twenty-years old.  Sanchez-Sanchez argues that, under the Sentencing Guidelines, his conviction is treated the same as a defendant who was convicted for smuggling drugs into the United States within the last two or three years, and then immediately returns to the United States following deportation.  Sanchez-Sanchez argues that his case is different, because his conviction is old and his record is unblemished since his conviction.  Sanchez-Sanchez further argues that his situation is unique in that he had his own business in Mexico, but he could not afford to pay the extortion being demanded of him by Mexican drug cartels, so he fled to the United States to find a job so that the cartel would not harm his family.  Sanchez-Sanchez also argues that his family circumstances and his age -- Sanchez-Sanchez is 49-years-old -- suggest that he is unlikely to reoffend and that he poses no danger to the public.

Plaintiff United States of America asks for a sentence within the advisory Guideline range of 33 to 41 months.  The United States argues that, because Sanchez-Sanchez concedes the Guideline calculations in the PSR are correct, the Court should not grant Sanchez-Sanchez' request for a reduced sentence.  The United States argues that there is no reason to depart from U.S.S.G.

§ 2L1.2(b)(1)(A)(vii)'s 16-level increase for prior felony drug convictions, because drug trafficking is a serious crime. The United States further argues that a departure from the Guideline range of 33 to 41 months based on family ties and responsibilities is not warranted in this case, because, to the extent Sanchez-Sanchez relies on U.S.S.G. § 5H1.6, he has failed to allege circumstances so unusual from other similarly situated aliens to merit a departure. The United States contends that, while Sanchez-Sanchez' circumstances are unfortunate, they are not uncommon or extraordinary, because many defendants convicted of illegal re-entry come to the United States to find a job to support their families or are in fear of the Mexican drug cartels. The factors set forth in 18 U.S.C. § 3553(a) do not warrant a variance from the sentencing Guidelines, the United States asserts, because illegal reentry is a common crime, and Sanchez-Sanchez' circumstances are not extraordinary. The United States also argues that a sentence below the Guidelines will not reflect the seriousness of Sanchez-Sanchez' offense and will create unwarranted sentencing disparities.

After carefully considering the Sentencing Guidelines and the parties' arguments, for the reasons stated on the record at the sentencing hearing, the Court finds a variance is warranted in light of Sanchez-Sanchez' circumstances, but not to the extent that Sanchez-Sanchez requests. Sanchez-Sanchez illegally reentered the United States after a felony conviction for knowingly and intentionally importing marijuana into the United States from Mexico on November 29, 1990. Having considered the nature and circumstances of the offense and Sanchez-Sanchez' history and characteristics, the Court believes that the sentence that the Advisory Guidelines recommend is too high. The Court believes that, because of the age of Sanchez-Sanchez' conviction, it should be treated like a 12-level enhancement, rather than a 16-level enhancement. This would produce a range of 21 to 27 months. The Court further believes that Sanchez-Sanchez' age and his family circumstances indicate that he is not a danger to the public, and justify lowering the sentence further.

There is no history of violence in his past. It is true that Sanchez-Sanchez returned to the United States after his previous sentence of 21 months, and the Court is concerned whether a sentence below 21 months would serve the goal of deterrence under 18 U.S.C. § 3553(a). On the other hand, he did not return after the marijuana conviction until recently, and a 15-month sentence may deter him from another reentry crime as the 21-month sentence has apparently deterred him from drug smuggling. Taking all the circumstances together, the Court believes Sanchez-Sanchez' age and his family circumstances warrant further reducing his sentence, treating his past crime like a conviction worthy of a 10-level enhancement, producing an offense level equivalent to a level of 14, and approximating a guideline imprisonment range of 15 to 21 months. Applying the parsimony clause, the Court believes a sentence at the low end of the range is appropriate in this case, and sentences Sanchez-Sanchez to a term of 15 months imprisonment and to a term of 2 years supervised release. Sanchez-Sanchez' term of supervised release shall be unsupervised under the condition that Sanchez-Sanchez must not reenter the United States without legal authorization.

    The Court finds that a sentence of 15 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is more reasonable than the sentence the Guidelines recommends. The Court believes a sentence of 15 months is sufficient without being greater than necessary to comply with the purposes of

punishment Congress set forth in the Sentencing Reform Act.

The Court recommends that the Immigration and Customs Enforcement removal proceedings while Sanchez-Sanchez serves his sentence. Based on Sanchez-Sanchez' minimal financial resources, his assets being mostly in Juarez, Mexico, and the United States' expression of not being interested in pursuing a fine, the Court will not impose a fine. Based upon the United States' willingness to waive the special assessment, the Court will not require the defendant to pay a special assessment of $100.00, which is normally due immediately.

**IT IS ORDERED** that Defendant Tomas Sanchez-Sanchez is sentenced to a term of 15 months imprisonment followed by a terms of 2 years supervised release, which shall be unsupervised under the condition that Sanchez-Sanchez must not reenter the United States without legal authorization.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzalez
  United States Attorney
Linda Mott
Lynn W.Y. Wang
  Assistant United States Attorneys
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Michael A. Keefe
  Federal Public Defender
Albuquerque, New Mexico

*Attorneys for the Defendant*